# United States Court of Appeals
# for the Fifth Circuit

---

No. 21-20388
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 24, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellant*,

*versus*

Jose Luis Martinez, Jr.,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-519-1

---

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Jose Luis Martinez, Jr., pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of heroin and possession with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of heroin. The presentence report (PSR) calculated a total

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-20388

offense level of 29 and assigned a criminal history category of II based on a 2010 federal conviction for possession with intent to distribute marijuana, which received three criminal history points.  The guidelines imprisonment range was 120 to 121 months due to the statutory minimum 10-year sentence.

Martinez objected and argued that under 18 U.S.C. § 3553(f)(1), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 402, 132 Stat. 5194, 5221 (2018), his prior three-point offense did not foreclose a sentence below the statutory minimum.  Martinez argued that the statutory safety-valve covered defendants who did not meet all the disqualifying criteria listed in § 3553(f)(1)(A)-(C).  At sentencing, the district court agreed with Martinez's interpretation of the statute and concluded that statutory safety-valve relief was not foreclosed because of the prior three-point offense.  The district court sentenced Martinez to 78 months of imprisonment and five years of supervised release on each count of conviction, with the sentences to run concurrently.  The Government appealed.

During the pendency of this appeal, *United States v. Palomares*, 52 F.4th 640 (5th Cir. 2022), *petition for cert. filed* (U.S. Dec. 21, 2022) (No. 22-6391), was decided.  Martinez concedes that *Palomares* rejected his interpretation of § 3553(f)(1) and that the district court's application of the safety-valve provisions was error.  We are bound by panel precedent unless and until it is altered by an en banc decision of this court or a decision of the Supreme Court.  *United States v. Setser*, 607 F.3d 128, 131 (5th Cir. 2010); *Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986).

Accordingly, Martinez's sentence is VACATED, and the matter is REMANDED to the district court for resentencing in accordance with *Palomares*.